United States District Court
Southern District of Texas
**ENTERED**
April 07, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DALE HARVEY, TDCJ-CID #01925365, | § § § | |
| *Plaintiff*, | § § | Civil Action No. H-19-4787 |
| v. | § § | |
| BRYAN COLLIER, *et al.*, | § § § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Christopher Dale Harvey, TDCJ-CID #01925365, filed this *pro se* state inmate lawsuit against Texas Governor Gregg Abbott, Texas Lieutenant Governor Dan Patrick, and Texas Department of Criminal Justice ("TDCJ") Executive Director Bryan Collier. He seeks declaratory and injunctive relief holding that Texas Government Code sections 508.149(b) and (d) regarding mandatory supervised release ("MSR") are unconstitutional and unenforceable. Defendants filed a motion to dismiss (Docket Entry No. 10), to which plaintiff filed a response (Docket Entry No. 11).

Having considered the motion, the response, the pleadings, matters of public record, and the applicable law, the Court **GRANTS** the motion to dismiss and **DISMISSES** this lawsuit for the reasons explained below.

## I. BACKGROUND AND CLAIMS

TDCJ's public online records list thirty-six felony convictions for plaintiff, dating back to 1995 when he turned eighteen years of age. He is currently serving a twenty-year sentence under eight or more felony convictions from 2013.

Plaintiff claims that he is "eligible" for MSR because he has not been convicted of a felony offense listed in Texas Government Code section 508.149(a), and that sections 508.149(b) and (d) "threaten" his right to MSR. He argues that section 508.149(d) violates the Fourteenth Amendment Due Process Clause, unlawfully suspends the writ of habeas, and violates the First Amendment by depriving him a right of redress against the government, and that section 508.149(b) is unconstitutionally vague. He names as defendants Texas Governor Gregg Abbott and Texas Lieutenant Governor Dan Patrick because they are "legally responsible for [an] unconstitutional state statute, and TDCJ Executive Director Bryan Collier because he is "responsible for implementation of [an] unconstitutional statute" through the Texas Board of Pardons and Paroles ("the Board"). (Docket Entry No. 1, p. 3.)

Plaintiff contends that, without these two statutes, the Board could no longer deny him MSR based on his lack of potential for rehabilitation or his endangerment to the public, and any denials would be open to judicial review. He asks this Court to "strike down" sections 508.149(b) and (d) as void, and to grant a permanent injunction prohibiting any future application of the statutes.

Defendants contend that plaintiff lacks standing to challenge the statutes because he pleads no injury in fact. They move for dismissal of this lawsuit under Rule 12(b)(1), arguing that plaintiff's lack of standing deprives the Court of jurisdiction.

## II. THE STATE STATUTORY SCHEME

MSR, or "mandatory supervision," is defined as "the release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(5). Section 508.147(a) sets forth a "time qualification" for inmates, and provides that,

> *[e]xcept as provided by Section 508.149*, a parole panel shall order the release of an inmate who is not on parole to mandatory supervision when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced.

TEX. GOV'T CODE § 508.147(a) (emphasis added).

Section 508.149(a), on the other hand, provides that an inmate may not be released to mandatory supervision if he is serving a sentence for, or has been previously convicted of, certain enumerated felony offenses. Section 508.149(b), applicable to offenses committed after September 1, 1996, gives the Board the discretion to deny a prisoner MSR "if a parole panel determines that the prisoner's accrued good conduct time is not an accurate reflection of the prisoner's potential for rehabilitation and the prisoner's release would endanger the public." TEX. GOV'T CODE § 508.149(b).

3

Section 508.149(d) provides that a "determination under Subsection (b) is not subject to administrative or judicial review, except that the parole panel making the determination shall reconsider the inmate for release to mandatory supervision at least twice during the two years after the date of the determination."

### III. ANALYSIS

Defendants argue that plaintiff lacks standing to challenge the constitutionality of the statutes because he pleads no factual allegations establishing an injury in fact. If plaintiff lacks standing, the Court is without jurisdiction to adjudicate his claims.

In *Teague v. Quarterman*, 482 F.3d 769, 774–75 (5th Cir. 2007), the Fifth Circuit Court of Appeals determined that the Texas mandatory supervised release statutory scheme, as amended effective September 1, 1996, created "a constitutional expectancy of early release to mandatory supervision" for some state prisoners. Consequently, assuming plaintiff is not excluded as an eligible prisoner by section 508.149(a), he may have a constitutional expectancy of early release to mandatory supervision *at some point*. Plaintiff does not allege that he has been denied MSR by virtue of these statutes, nor does he allege that the actual calendar time he has served plus any accrued good conduct time currently equals the twenty-year term to which he was sentenced. TEX. GOV'T CODE § 508.147(a).

To the contrary, plaintiff asserts only that these statutes "threaten" his liberty interests and "threaten to injure" him. (Docket Entry No. 1, pp. 17, 24.) Because plaintiff fails to plead factual allegations showing that he was denied MSR under these statutes or that he

4

currently meets the "time qualification" provision of section 508.147(a), his claims of "threatened" injury are purely speculative and hypothetical at this time. An inmate such as plaintiff who fails to show "that his release on parole or supervised release is actual or imminent" yet claims that he will be deprived of his due process rights has merely asserted a speculative injury insufficient to establish standing. *Cooper v. Owens*, 303 F. App'x 179, 180 (5th Cir. 2008); *see also Clarke v. Director, TDCJ-CID*, No. 4:09-CV-404, 2012 WL 4120430, at *3 (E.D. Tex. Sept. 19, 2012) (holding that the inmate's alleged injury was speculative and did not satisfy the standing requirement because he had not shown that his release on parole was actual or imminent).

It has long been held that, in order to bring a challenge to the constitutionality of a statute, a claimant must have standing to raise the claim. Article III of the Constitution restricts federal courts to deciding actual cases and controversies. *Allen v. Wright*, 468 U.S. 737 (1984). Standing is a prerequisite for subject matter jurisdiction, *Cobb v. Central States*, 461 F.3d 632, 635 (5th Cir. 2006), and federal courts must raise the issue of constitutional standing *sua sponte*. *Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 332 (5th Cir. 2002).

To satisfy the prerequisites of Article III standing, plaintiff must show that: (1) he suffered an injury in fact (one that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"); (2) there is a causal connection between the injury and the challenged conduct of the defendant; and (3) the injury will likely be redressed by a

5

favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–560 (1992). Plaintiff's conclusory claims are unsupported by factual allegations and do not satisfy these requirements; consequently, standing is not shown. Although it is possible that plaintiff might someday meet the MSR requirements of section 508.147(a), it is entirely too speculative at this time to give rise to an injury in fact for purposes of standing. Moreover, it is equally speculative that, should plaintiff meet the section 508.147(a) requirements in the future, he will be denied mandatory supervised release.

Because the factual allegations in plaintiff's pleadings do not establish his standing to challenge the constitutionality of sections 508.149(b) and (d), this Court is without jurisdiction to adjudicate the claims.[1] Plaintiff's claims must be dismissed without prejudice for lack of jurisdiction.

## IV. STATE LAW CLAIMS

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental or pendent jurisdiction over a state law claim when it has dismissed all claims over which it has original jurisdiction. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also Enochs v. Lampasas County*, 641 F.3d 155, 161 (5th Cir. 2011) (explaining that the rule in the Fifth Circuit "is to dismiss state claims when the federal claims to which they are pendent are dismissed").

---

[1] Although defendants also argue that they are not proper parties for adjudication of plaintiff's claims, plaintiff's claims can be resolved on jurisdictional grounds without disposition of this additional argument.

6

Because the Court is dismissing for want of jurisdiction all of plaintiff's federal claims, it declines to exercise supplemental or pendent jurisdiction over any state law claims raised by plaintiff.

## V.  CONCLUSION

Defendants' motion to dismiss (Docket Entry No. 10) is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. Any and all pending motions are **DISMISSED AS MOOT**.

Signed at Houston, Texas, on this the _7th_ day of April, 2020.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE